In The United States District Court
For The Northern District of Georgia
Atlanta Division

Ishaq H. Majeed,
Plaintiff,

v.

Atlanta Veterans Affairs
Medical Center; et al.,
Defendants

Civil Action
No. 1 18-CV-1037

Jury Trial Demanded

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta
MAR 12 2018
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## Plaintiff's Refiled Complaint For Medical Malpractice, Negligence, Respondeat Superior and Damages

Comes now Plaintiff, Ishaq Majeed, Pro se and files this Plaintiff's Refiled Complaint For Medical Malpractice, Negligence, Respondeat Superior and Damages against the above-named Defendants. Moreover, Plaintiff reserves the right to amend this Complaint to add additional claims and Defendants, to include, but not limited to, an EMTALA claim for relief against the above-named Defendants.

1

[Concerning this "Refiled Complaint," O.C.G.A. §9-2-61 allows renewal of a case filed within six (6) months for dismissed cases on grounds not adjudicated on merits. Douglas v Kelley 116 Ga App 670 (158 SE 2d. 441)(1967).

Further 9-2-61, in the refiled/renewed action, allows substitution of the true name for "John Doe" defendants (United States Department of Veteran Affairs; United States), or using the Defendants true names). Milburn v. Nationwide Ins. Co. 28 Ga. App 398 (491 SE.2d. 848)(1997). Plaintiff's right to "make proper service [on John Doe(s)/US Dept of Veteran Affairs] pursuant to the Federal Rules on Civil Procedure after the case was removed" was obviated/made unnecessary by the U.S. Attorney's actions: "on 10/7/16 the United States Department of Veteran Affairs, ~~Medical Center~~, on behalf of its facility known as the Atlanta VA Medical Center filed a Notice of Removal... with the United States District Court" (from the State court).

Concerning hospitals, Georgia law allows Malpractice and Negligence claims against hospitals. The Atlanta VA Medical Center is a hospital in Georgia.

2.

However, the Atlanta VA Hospital has no registered agent for service listed with the Georgia Secretary of State office, as does other hospitals; and was "properly" served at 1700 Clairmont Road (also the address of the Department of Veterans Affairs Office of Regional Counsel) This is a highly guarded secured facility where certain individuals are appointed or designated for receiving services/incoming items - Because of the high security against entering the building. The Federal Tort Claims Procedure (2679(c)) states "all process served...[be delivered to] immediate superior or to whomever was designated by the head of...department to receive papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of...employing Federal agency.

① The "Refiled Complaint" defendants include: John Doe (1)/ United States Department of Veteran Affairs, and (2) Atlanta VA Hospital Medical Center, and (3) John Doe/United States.

3

Plaintiff shows this Honorable Court and Jury the following:

## Introduction

1. Plaintiff's claims arise out of claims for negligence and medical malpractice against Defendants for Defendants' failure to properly care for and treat Plaintiff, Majeed.

## Parties, Jurisdiction and Venue

2. Plaintiff incorporates and re-alleges paragraph one(1) above, as if fully set out herein.

3. At all times material hereto, it is believed that all of the facts and circumstances giving rise to this Complaint occurred in Decatur, DeKalb County, Georgia.

4. All Defendants are subject to the venue and jurisdiction of this Court.

5. Plaintiff, Ishaq Majeed, is a citizen and resident of Atlanta, Fulton County, Georgia.

## Factual Allegations

6. Plaintiff incorporates and alleges paragraphs (1) through five (5), as if fully set out herein.

4

7.

On February 28, 2014, at approximately 6:00am, Plaintiff (Majeed) presented to Defendant Atlanta VA Hospital/Medical Ctr. with complaints of burning chest pain.

8.

At approximately 6:29 a.m. an Electrocardiogram (EKG) was performed on Plaintiff and was diagnosed as acute Inferior and Anterior Wall ST-Elevation Myocardial Infarction (STEMI) by hospital medical emergency room employees.

9.

At approximately 6:35 a.m., a Cardiology fellow advised hospital staff to transfer Plaintiff to Emory Hospital, as Defendant Atlanta VA Hospital/Med Center's catheterization Laboratory would not open until 8:00am. At or about the same time, Plaintiff was transferred to Emergency Room 5, and placed on cardiac monitoring, while his vital signs were assessed.

10.

At approximately 6:40 am, VA hospital contacted Emory Hospital transfer service to arrange transfer of the patient, Plaintiff. At or about the same time, an Intermittent needle therapy (IV/INT) was inserted.

11.

At approximately 6:50 a.m., Plaintiff was given

5

by an emergency room nurse, three (3) 0.4 mg doses of NTG (nitroglycerin), and one (1) three hundred twenty five (325) mg dose of Aspirin (ASA).

12.

At approximately 6:55am, the E.R. doctor contacted Dr. Michael McDaniel, the Cardiology Attending Physician at Emory Hospital, and Dr. McDaniel accepted Plaintiff as a patient. Dr. McDaniel instructed the E.R. doctor to administer six hundred (600) mg of Plavix (Clopidogrel).

13.

At approximately 7:00 a.m., an E.R. nurse initiated 12.44 units of Heparin drip as ordered.

14.

At about 7:10 a.m., the nurse completed a second EKG on Plaintiff, and the result was review by doctors.

15.

At about 7:13 a.m., Plaintiff continued complaining of chest pain prior to transfer, and was given two (2) mg of morphine.

16.

At about 7:30 a.m., E.R. nurse contacted Emory Hospital nurse (Nancy Sarpong, R.N.) and indicated that Plaintiff expected time of arrival was fifteen (15) minutes.

17.

At about 7:40 a.m., Plaintiff complained of increased

6.

17.
burning in his chest, and was given a second two(2) mg dose of Morphine, as ordered by E.R. doctor.

18.
At about 7:48 a.m. Emory transport arrived, and transported Plaintiff to Emory Hospital.

19.
At about 8:13 a.m., Dr. John Douglas, Jr. performed a Percutaneous Coronary Intervention (PCI) with drug-eluting stent (DES) to the mid Left Anterior Descending (LAD) artery. After a successful operation, Plaintiff was transferred to the CCU (Cardiac Care Unit).

20.
At approximately 5:00 p.m., Plaintiff began to have severe chest pain, and was taken back to the Catheterization Laboratory, where Plaintiff was diagnosed with Acute In-Stent Thrombosis.

21.
At about 5:16 p.m., Dr. Douglas performed an Aspiration Thrombectomy and Plain Old Balloon Angioplasty (POBA) of Acute In-Stent Thrombosis of the mid LAD Xience DES. After a successful operation, Plaintiff was transferred back to the CCU and remained there until March 1, 2014.

22.
On March 3, 2014, Plaintiff was discharged from Emory Hospital, and began Cardiac Rehabilitation with Emory Hospital some days ~~later~~ soon after.

7.

23.

Upon discharge, Plaintiff was diagnosed with STEMI with Acute In-Stent Thrombosis, Ischemic Cardiomyopathy with EF 40%, Hypertension, and Diabetes Mellitus Type II (DMII).

## Count I
## Medical Malpractice

24.

Plaintiff incorporates and re-alleges each and every allegations contained in paragraphs one(1) through twenty-three (23) above, as if fully set out herein.

25.

Under Count I for medical malpractice, all the Defendants, including the US and the Department of VA Atlanta VA Hospital/Medical Center, their employee(s), agent(s), ostensible agent(s) and/or independent contractors, owed to Plaintiff, Majeed a duty to exercise the degree of skill and care employed by medical providers general, under similar conditions and like surrounding circumstances.

26.

The Defendants, including the United States and the Department of the VA Hospital, employee(s), agent(s), ostensible agent(s) and/or independent contractor(s) deviated and fell below the degree of skill and care employed by medical professionals and medical providers by omitting and/or failing to provide adequate care and treatment of Plaintiff.

27.

The Defendants, [US Department of Veteran Affairs, et al] including the Atlanta VA Hospital, employee(s), agent(s), ostensible agent(s), and/or independent

8.

27.

contractor(s) deviated from and fell below the degree of skill and care employed by medical professionals and medical providers by omitting and/or failing to administer NTG intravenously (IV) after administering NTG sublingually, and after which, Plaintiff continued to complain of burning chest pain.

28.

The Defendants, including Atlanta VA Hospital/Medical Center, employee(s), agent(s), ostensible agent(s) and/or independent contractor(s) deviated and fell below the degree of skill and care employed by medical professionals and medical providers' employee(s), agent(s), ostensible agent(s) and/or independent contractors under similar conditions and like circumstances. The Defendants are vicariously liable for the actions of its employee(s), agent(s), ostensible agent(s), and independent contractor(s).

29.

As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered STEMI with Acute In-Stent Thrombosis, Ischemia Cardio Myopathy with EF 40%, Hypertension, and DMII.

30.

As a direct and proximate cause of the negligence of the Defendants, Plaintiff suffered severe pain and anguish, incurred medical expenses, and suffered catastrophic and permanent injuries.

9.

31.

The Defendants, including Atlanta VA Hospital/ Medical Center, employee(s), agent(s), ostensible agent(s), and/or independent contractor(s) "professing to practice surgery or the administering of medicine for compensation must bring to the exercise of their profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had."

## Count II
## Ordinary Negligence

32.

Plaintiff incorporates and re-alleges each and every allegation contained in paragraph one (1) through thirty-one (31) above, as if fully set out herein.

33.

Under Count II for Ordinary Negligence, the Defendants, (the United States, "Department" or United States Department of Veteran Affairs) including the Atlanta VA Hospital/Medical Center, employee(s) agent(s), ostensible agent(s), and/or independent contractor(s) owed to plaintiff a degree of care, which is exercise by medical professionals under the same or similar circumstances. The absence of such a degree of care is negligence.

34.

The Defendants (the "Department") and including the Atlanta VA Hospital/Medical Center, employee(s), agent(s), ostensible agent(s), and/or independent contractors deviated from and fell below this of care employed by medical professionals under the same or similar circumstances

35.

The treatment afforded to Plaintiff by the Defendants ("Department"), including VA Hospital, employee(s), agent(s), breached their/its duty to adequately treat and/or care for Plaintiff.

36.

The Defendants are vicariously liable for the actions of the employee(s).

37.

The Defendant employees negligence was a direct and proximate cause of Plaintiff's injuries and damages.

38.

As a result of the Defendants' employees negligence, Defendants are vicariously liable in damages to Plaintiff.

11.

## Count III
### All Other Causes of Action

39. Plaintiff incorporates and re-alleges each and every allegation contained in paragraphs one (1) through (38) above, as if fully set out herein.

40. Plaintiff reserves the right to amend this refiled Complaints with further causes of action as they become available to the Plaintiff against these Defendants and other foreseeable Defendants.

### Prayer For Relief

Wherefore Plaintiff, Majeed, prays as follows:

(a) That Defendants be served with due process;

(b) That judgment be entered against Defendants in an amount sufficient to compensate for emotional, mental & physical pains, suffering, and disability experienced by Plaintiff;

c. That judgment be entered against Defendants in an amount to compensate for all

12.

(c) lost wages and income, and medical expenses;
(d) That judgment be entered against Defendants for punitive damages;
(e) That all costs be taxed against Defendants;
(f) That Plaintiff has a trial by jury on all issues in this action; and
(g) That Plaintiff has such other and further relief to which this Court may deem just and proper

## Jury Demand

Plaintiff Ishag Majeed, Pro se, demands that all issues of fact in this case be tried before a properly impaneled jury of 12 members.

This March 12, 2018.

Respectfully submitted
Ishag H. Majeed
Plaintiff, Pro se
555 McDaniel St, #4400
Atlanta, Georgia 30312
Phone: 404-914-3236

In The United States District Court
For The Northern District of Georgia
Atlanta Division

Ishaq H. Majeed
Plaintiff,
v.

Atlanta VA Hosp/Med Ctr;
et al.

Civil Action
No _____

## Certificate of Service

This is to certify that on 3/12/18 I mailed copies (will service later Pauper's Affidavit Pending) of "Plaintiff's Refiled Complaint For Medical Malpractice, Negligence, Respondeat Superior and Damages" as addressed to the following Defendants

1) Atlanta VA Hospital/Med Ctr
1670 Clairmont Rd
Decatur, Ga. 30033

2) United States Dept of Veteran Affairs
810 Vermont Avenue, NW
Washington, DC 20420

3) United States
c/o U.S. District Attorney
75 Ted Turner Drive, SW
Suite 600
Atl., Ga. 30303

Ishaq H. Majeed
Plaintiff, Pro se
404-914-3236